IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION


PATRICK L. SHERMAN                                              PETITIONER


v.                        NO. 4:25-cv-00153-LPR-PSH


DEXTER PAYNE                                                    RESPONDENT


FINDINGS AND RECOMMENDATION


INSTRUCTIONS


The following proposed Recommendation has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

DISPOSITION

<u>Introduction</u>. In this case, filed pursuant to 28 U.S.C. 2254, petitioner Patrick L. Sherman ("Sherman") again challenges the calculation of his sentence by officials with the Arkansas Division of Correction ("ADC"). As he does in <u>Sherman v. Payne</u>, 4:24-cv-00343-LPR (E.D. Ark.), he maintains that considering the statutory good time he has allegedly earned but not been awarded, he completed his sentence in March of 2015 and should therefore be immediately released from custody. It is recommended that this case be dismissed without prejudice <u>sua sponte</u>. Case number 4:24-cv-00343-LPR is pending before United States District Judge Lee P. Rudofsky, and Sherman's claim appears to be the subject of ongoing litigation in the state courts of Arkansas. It would be a waste of judicial time and resources for this case to continue.

<u>Background</u>. In April of 1995, Sherman was fleeing from police when he injured several people. An Arkansas state trial court jury convicted him in July of that year of several criminal offenses arising from the incident and sentenced him to a total of forty years' imprisonment. His convictions were affirmed by the Arkansas Supreme Court. See <u>Sherman v. State</u>, 326 Ark. 153, 931 S.W.2d 417 (1996).

"Around 2022," Sherman "discovered" Ark. Code Ann. 12-29-204. See Docket Entry 2 at CM/ECF 15. The statute, captioned "statutory good time," provided the following at that time and does so today:

> No inmate sentenced to the Department of Correction shall ever receive a reduction under this subchapter, or this subchapter and another subchapter jointly, of more than thirty (30) days for each month served except for the additional days of meritorious good time awards authorized in 12-29-202(d).

Sherman understood the statute to allow a prisoner to complete his sentence in half the time if the prisoner were eligible to receive statutory good time.

Sherman represents that sometime in 2022, he filed an administrative grievance challenging the computation of his sentence. See Docket Entry 3 at CM/ECF 4-5. He alleged in the grievance that he had not been awarded his statutory good time as provided by Ark. Code Ann. 12-29-204. He represents that the grievance was denied because he was past his transfer eligibility date.[1] He additionally represents the following:

---

[1] A prisoner's transfer eligibility date is the "earliest date he becomes eligible for transfer from the ADC to less restrictive placement or supervision by the [Arkansas Division] of Community Correction, which may include parole." See Robinson v. Kelley, No. 5:16-cv-00167-SWW-JTR, 2017 WL 3404973, 1 (E.D. Ark. July 6, 2017), report and recommendation adopted, No. 5:16-cv-00167-SWW, 2017 WL 3401274 (E.D. Ark. Aug. 8, 2017).

3

> … the ADC never denied that there was a material difference between "meritorious" and "statutory" good time … Nor did it deny that [Ark. Code Ann.] 12-29-204 could reduce a prisoner's maximum release date. It simply chose to say that [Sherman] is passed his [transfer eligibility] date, and therefore cannot get good time, as a way to avoid the issue altogether.

See Docket Entry 3 at CM/ECF 4-5.[2]

Sherman represents that in March of 2024, he filed another administrative grievance challenging the computation of his sentence. See Docket Entry 3 at CM/ECF 6-7. He maintained in the grievance that "he was unlawfully being denied the award of his statutory good time … under [Ark. Code Ann.] 12-29-204 and therefore being deprived of his liberty without due process of law …" See Docket Entry 3 at CM/ECF 6. He represents that the grievance was denied, again because he was past his transfer eligibility date. He also represents the following: "The ADC refused to admit or deny that meritorious good time and statutory good time were materially different in that one reduced a prisoner's [transfer eligibility] date and the other reduced a prisoner's discharge date." See Docket Entry 3 at CM/ECF 7.

---

[2] Sherman represents that following the denial of his grievance, he tried to file a petition for declaratory judgment in Lincoln County Circuit Court, a petition in which he challenged the computation of his sentence. See Docket Entry 3 at CM/ECF 5. His attempt to file the petition was unsuccessful, apparently because he failed to comply with the state trial court filing requirements.

In April of 2024, Sherman began 4:24-cv-00343-LPR by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254 and an accompanying brief. See Sherman v. Payne, 4:24-cv-00343-LPR, Docket Entries 2, 3. In the petition and brief, he challenged the calculation of his sentence. He maintained that subtracting his accrued statutory good time from his forty-year sentence, he completed his sentence in March of 2015 and should have been released from custody at that time.

In August of 2024, the undersigned issued a report and recommendation in 4:24-cv-00343-LPR. See Sherman v. Payne, 4:24-cv-00343-LPR, Docket Entry 30. The undersigned recommended that the petition be dismissed without prejudice because Sherman has an available state remedy, a remedy in the form of a petition for declaratory judgment and mandamus in the state courts of Arkansas. The undersigned knew of no reason why Sherman could not raise his claim in such petitions and, if the claim were found to be meritorious, why relief could not be granted. The undersigned noted that the State of Arkansas has the primary interest in seeing that the calculation of a prisoner's sentence is correct, and the State of Arkansas should be accorded the first opportunity to review the calculation of Sherman's sentence. The report and recommendation are pending before United States District Judge Lee P. Rudofsky.

In September of 2024, Sherman filed yet another administrative grievance challenging the computation of his sentence. See Docket Entry 3 at CM/ECF 8, 53-55. As before, he alleged in the grievance that he had not been awarded his statutory good time as provided by Ark. Code Ann. 12-29-204. The grievance was denied, again because he was past his transfer eligibility date and could not earn any more good time.

Sherman represents that in November of 2024, he attempted to file a petition for declaratory judgment and writ of mandamus in Jackson County Circuit Court. See Docket Entry 3 at CM/ECF 9-11. In the petition, he again challenged the computation of his sentence. To date, it is not clear if the petition has been filed and served. This much is clear, though: little has occurred in the case.

Sherman apparently grew frustrated with the pace of things in Jackson County Circuit Court, so he attempted to file a petition for writ of mandamus in the Arkansas Court of Appeals in February of 2025. See Docket Entry 3 at CM/ECF 11-12. In the petition, he asked the state Court of Appeals to compel the Jackson County Circuit Court to proceed with his petition for declaratory judgment and writ of mandamus. He represents that the state Court of Appeals declined to file his writ of mandamus and, as a result, the available state remedy is ineffective to protect his rights.

Pleadings. In February of 2025, or shortly after Sherman filed his petition for writ of mandamus in the state Court of Appeals, he began the case at bar by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254 and an accompanying brief. See Docket Entry 2, 3. In the petition and brief, he again challenged the calculation of his sentence. He again maintained that subtracting his accrued statutory good time from his forty-year sentence, he completed his sentence in March of 2015 and should have been released from custody at that time.

Respondent Dexter Payne ("Payne") thereafter filed a motion to dismiss Sherman's petition. See Docket Entry 7. In the motion, Payne maintained that the petition is a successive petition because it raises the same claim Sherman raised in 4:24-cv-00343-LPR, and Sherman did not obtain permission from the United States Court of Appeals for the Eighth Circuit to file the petition at bar.

Sherman filed a response to Payne's motion to dismiss. In the response, Sherman maintained that the petition at bar is not a successive petition. It was his contention that "the Court dismissed the first petition without prejudice" and therefore issued "no ruling on the merits" of his claim. See Docket Entry 14 at CM/ECF 1, 3. He maintained that without such, the successive petition rule is inapplicable.

Analysis. Every court possesses the inherent power to control the disposition of cases on its docket and do so with an economy of time and effort for itself, counsel, and litigants. See, e.g., Landis v. North American Co., 299 U.S. 248 (1936). This power includes the ability to dismiss a case that is duplicative of another case then pending in federal court. See, e.g., Greene v. H & R Black Eastern Enterprises, Inc., 727 F. Supp.2d 1363 (S.D. Fla. 2010).

Sherman raised the same claim in 4:24-cv-00343-LPR that he now raises in the case at bar, i.e., subtracting his accrued statutory good time from his forty-year sentence, he completed his sentence in March of 2015. He understands 4:24-cv-00343-LPR to have been dismissed, but it has not been. Although the undersigned has recommended that 4:24-cv-00343-LPR be dismissed, Judge Rudofsky has not yet acted on the recommendation.

The only difference between the procedural postures of 4:24-cv-00343-LPR and the case at bar is that Sherman attempted to file a petition for declaratory judgment and writ of mandamus in Jackson County Circuit Court after he filed 4:24-cv-00343-LPR but before he filed the case at bar. A website maintained by the Arkansas Judiciary reflects that the Jackson County case, 34CV-24-244, is an open case. See https://caseinfonew.arcourts.gov/opad/case/34CV-24-244.

As stated above, when Sherman apparently grew frustrated with the pace of things in Jackson County Circuit Court, he attempted to file a petition for writ of mandamus in the Arkansas Court of Appeals in February of 2025. A website maintained by the Arkansas Judiciary reflects that although he has filed a request for leave to proceed in forma pauperis with the state appellate court, a petition for writ of mandamus has yet to be filed in the appellate court case. See https://caseinfonew.arcourts.gov/opad/case/34CV-25-10.

Sherman is obviously attempting to exhaust his administrative remedies. At this juncture, though, the case at bar is premature. Case no. 4:24-cv-00343-LPR is pending before Judge Rudofsky, and Sherman's claim appears to be the subject of ongoing litigation in the state courts of Arkansas. It would be a waste of judicial time and resources for this case to continue.

Recommendation. Given the foregoing, the undersigned recommends that the case at bar be dismissed without prejudice sua sponte. Payne's motion to dismiss should be denied, all requested relief should be denied, and the Clerk of the Court should be directed to close this case.[3]

---

[3] Payne's motion to dismiss should be denied because it is not clear that the petition at bar is indeed a successive petition. Although the petition at bar is Sherman's second attempt to challenge the ADC's failure to award him statutory good time and

9

DATED this 12th day of May, 2025.

_____
UNITED STATES MAGISTRATE JUDGE

---

do so by means of a petition pursuant to 28 U.S.C. 2254, 4:24-cv-00343-LPR is an open case, and Judge Rudofsky has taken no action on the undersigned's recommendation that 4:24-cv-00343-LPR be dismissed without prejudice.